**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DENNIS RIVERA-TRIGUEROS, | No. 23-110 |
| Petitioner, | Agency No. A044-803-246 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2024
Pasadena, California

Before: TALLMAN, IKUTA, and OWENS, Circuit Judges.

Dennis Rivera-Trigueros, a native and citizen of El Salvador, petitions for

review of an order from the Board of Immigration Appeals (BIA) dismissing his

appeal of a final order of removal issued by an Immigration Judge (IJ). The BIA

dismissed Rivera-Trigueros's appeal after the IJ denied his application for deferral

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of removal under the Convention Against Torture, 8 C.F.R. § 1208.17. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

Under the circumstances of this case, we review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Guo v. Sessions*, 897 F.3d 1208, 1214 n.4 (9th Cir. 2018) (citation omitted). Substantial evidence supports the agency's determination that Rivera-Trigueros failed to establish that he is more likely than not to suffer future torture inflicted by, or at the instigation of, or with the consent or acquiescence of, a person acting in an official capacity in El Salvador. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Contrary to Rivera-Trigueros's arguments, the country conditions evidence he submitted does not compel the conclusion that he will more likely than not be tortured upon removal to El Salvador. The most specific data in the record, a 2020 Human Rights Watch (HRW) report, indicated that the risk of a deportee to El Salvador being tortured was under one percent. The country conditions evidence contained no additional data on the number of deportees who were tortured upon removal to El Salvador.

The agency's decision to discount the expert testimony of Dr. Alfonso Gonzales as unreliable was also supported by substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B), and was neither based on "mischaracteriz[ations] [of] the record"

2

nor "belied by the record," *Cole v. Holder*, 659 F.3d 762, 773 (9th Cir. 2011). Although Dr. Gonzales stated that there was a 90 percent chance that Rivera-Trigueros would be "caught up in [the] El Salvadoran gang dragnet," he admitted that "a definitive statistically verifiable number" is impossible to calculate and any available data is unreliable. The IJ found, and the BIA correctly upheld, that Dr. Gonzales did not rely on any "data, research, or quantitative study to establish what is likely to happen to individuals removed from" the United States to El Salvador, and that he was "uninformed vis-à-vis individuals arrested and tortured in El Salvador under the government's temporary emergency powers to crack down on gangs." The agency did not discount Dr. Gonzales's testimony "for the *sole* reason that it is not corroborated by additional evidence." *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1157 (9th Cir. 2022) (citation omitted) (emphasis altered). Nor did the IJ err in identifying Dr. Gonzales's factual errors, such as his twice referencing to Rivera-Trigueros's "numerous tattoos," though Rivera-Trigueros only has one tattoo, and his lack of personal familiarity with the "secret database" upon which he partly based his conclusion.

Finally, Rivera-Trigueros argues that the agency erred in its failure to consider record evidence indicating that his tattoo could not be timely removed. Even if this were true, any error was harmless, because whether the tattoo could be

3

timely removed does not affect the agency's conclusion that Rivera-Trigueros failed to establish a likelihood of torture in El Salvador. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. 3, 15) is otherwise DENIED.